IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN PENNYCOOKE | CRIMINAL NO. 2:20-cr-00227-JMG |

**DEFENDANT'S SENTENCING MEMORANDUM**

The government requests a 63-month prison sentence for Mr. Pennycooke. That sentence is greater than necessary to accomplish the goals of sentencing for the crime of conviction. He should not be punished for exercising his constitutional right to trial, and the government has not sufficiently proved Mr. Pennycooke obstructed justice by giving perjured testimony at the motion to suppress hearing. Further, the firearm recovered in the case was not used in an act of violence. Additionally, Mr. Pennycooke's family history and upbringing was disadvantaged, and he suffers from drug addiction and serious mental illnesses.

**I.   PROCEDURAL BACKGROUND**

Defense counsel agrees with the government's procedural history cited in their Sentencing Memorandum.

**II.   FACTUAL BACKGROUND**

Defense agrees with the government's recitation of facts in their Sentencing Memorandum Factual Background section, paragraphs 1 and 2. The main dispute in this case is whether Mr. Pennycooke possessed a firearm on the night in question. The jury convicted him of that, but Mr. Pennycook claimed at the Motion to Suppress hearing he did not possess, did not see a firearm or

toss one into the car he was operating. The government police witnesses testified he did. Mr. Pennycook represented himself at trial but did not testify in his own defense.

### III. SENTENCING GUIDELINES

Defense objects to the 2-level enhancement applied in the PSR under U.S.S.G. 3c1.1. Although the court found Mr. Pennycooke's testimony at the suppression hearing less credible than the police testimony, the government has not proved Mr. Pennycooke willfully obstructed justice. In this case, there is no direct video evidence of Mr. Pennycooke's alleged attempt to remove a gun from his waist and toss it into the back seat of a car he operated which was owned by someone else. There is no other evidence of intentional lies. The fact that the court chose to believe police instead of Mr. Pennycooke in this matter is not sufficient to warrant the obstruction of justice enhancement.

All other aspects of the Sentencing Guidelines calculated in the PSR are not objected to.

### IV. STATUTORY SENTENCING FACTORS

#### A. NATURE AND SERIOUSNESS OF OFFENSE

Defense agrees with the legal standards used under 18 U.S.C. 3553(a) cited by the government in its Sentencing Memorandum. The Defense disagrees with the government's claim under nature and circumstances of offense that Mr. Pennycook enabled a continuing cycle of crime. The firearm in question was never used and the co-defendant statement regarding "purging" should not be attributed to Mr. Pennycooke since any uncharged conspiracy, if it ever existed, had terminated.

#### B. DEFENDANT'S HISTORY AND CHARACTERISTICS

Mr. Pennycook's personal history has been described as a dysfunctional and traumatic family upbringing of poverty, drug use by relatives, the murder of his father when Mr. Pennycook

was seven, and the murder of his sister. He is receiving monthly counseling and medication for bipolar disorder, and he suffers from drug addiction on Percocet. He has a gainful employment history.

### C. DETERRENCE

The government's legal analysis of deterrence is correct. However, a sentence of 63 months imprisonment is not necessary to accomplish deterrence. Mr. Pennycooke can receive a lower sentence and the goals of deterrence may be accomplished. It is unlikely this case receives media publicity for others to see to accomplish general deterrence. Mr. Pennycooke will also be recommitted for a state parole violation and will quite possibly lose any credit for serving any state parole time on the street, so there will be sufficient specific deterrence here.

### D. OTHER ISSUES

Mr. Pennycooke should receive dual diagnosis treatment as part of his sentence to benefit his physical and mental health.

## V. CONCLUSION

This Sentencing Memorandum is being submitted by counsel at Mr. Pennycooke's desire to discontinue pro-se representation and have the benefit of counsel for sentencing and any possible appeal or habeas claims. Mr. Pennycooke's request was made at a meeting counsel had with him on August 1, 2022, to review the Final Presentence Report just received that day. Mr. Pennycooke has come to the realization he needs trained legal help for any post-conviction proceedings since he has no experience in these areas and he was not successful doing pro-se representation at trial.

Dated: August 3, 2022                           Respectfully submitted,

/s/ *Benjamin Cooper*
Benjamin B. Cooper, Esquire
1518 Walnut Street, Suite 807
Philadelphia, PA 19102
(484) 844-9455 (office)
bcooperlawyer@gmail.com

***Attorney for Defendant***