IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | CRIMINAL NO. 20-00227 |
| | : | |
| **STEVEN PENNYCOOKE** | : | |

**MEMORANDUM PURSUANT TO LOCAL APPELLATE RULE 3.1**

**GALLAGHER, J.**                                                                                                   **DECEMBER 16, 2024**

Defendant Steven Pennycooke appeared before this Court on November 21, 2024, for violations of supervised release. The two conditions of release at issue were: 1) that Defendant shall refrain from the illegal possession and/or use of drugs and 2) that Defendant shall not commit another federal, state, or local crime. The government alleged that Defendant violated these conditions by testing positive for amphetamine and methamphetamine and assaulting his girlfriend Ms. Carol Jones on multiple occasions.

Defendant stipulated to the Grade C violation for the first condition and argued against the Grade A violation for the second condition. The Court found that Defendant violated both conditions and then revoked the order of supervised release and sentenced Defendant to a term of imprisonment of 15 months, with an additional term of 21 months of supervised release.

For the reasons that follow, in addition to those specifically referenced on the record, the Court overruled Defendant's objections during the hearing to preclude the out-of-court statements by Ms. Jones on the offered grounds that such statements were hearsay and incapable of confrontation by Defendant. One of the statements from Ms. Jones was a detailed, three-page written statement provided to a United States Probation Officer, in which she detailed several

incidents of violence and menacing behavior she alleged to have suffered at the hands of Defendant. She also provided graphic photographs depicting injuries consistent with her claims. Ms. Jones's fear of Defendant was evident in the words written in her statement.

Further, Defendant testified at the violation hearing. But Defendant offered no corroboration for his claims of motive for fabrication or proposed alternate sources of injuries sustained by Ms. Jones. While the burden of proof rests on the government, his testimony was greatly tempered by prior occasions in which he testified in an incredible fashion before this Court.[1]

BY THE COURT:

 /s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

[1] *See* Memorandum Opinion, ECF No. 52; Order, ECF No. 103.